UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN TROY HICKS,<br><br>　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Criminal No. 02-CR-625-L-3<br><br>**ORDER DENYING MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>**[Doc. No. 510]** |

On July 1, 2008, Petitioner Steven Troy Hicks ("Petitioner"), proceeding *pro se*, filed a Motion for Relief of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Respondent filed a response and opposition, and Petitioner filed a reply. Petitioner's motion is based upon retroactive amendments to the Federal Sentencing Guidelines pertaining to crack cocaine offenses which became effective March 3, 2008. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, **DENIES** Petitioner's motion.

## BACKGROUND

Pursuant to a written plea agreement, Petitioner pled guilty on April 21, 2003, to one count of Conspiracy to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 846. Petitioner admitted that he conspired with his co-defendants to distribute more than 50 grams of cocaine base (crack) and 5 kilograms of cocaine. Petitioner admitted that he arranged narcotic transactions, engaged in multiple sales of crack cocaine, and that he sold crack cocaine in the West

Coast Crip gang turf. Due to Petitioner's prior criminal history, he also qualified as a career offender under U.S.S.G. § 4B1.1, which resulted in a criminal history category of VI. At sentencing, this Court found that the base offense level was 38 (based on two kilograms of cocaine base; the base offense level was 37 for career offender under § 4B1.1, but a level 38 was used because it was higher) and -3 for acceptance of responsibility, for an adjusted base offense level of 35. The Court granted a one level departure for a package deal and a one level departure for diminished capacity. The final adjusted base offense level was 33, producing a guideline range of 235 to 293 months. Petitioner was sentenced to the low end: 235 months.

Petitioner appealed his sentence in violation of the terms of the plea agreement. On December 1, 2004, the Ninth Circuit dismissed his appeal, Case No. 03-50460, since Petitioner had voluntarily waived his right to appeal and the waiver was enforceable.

**DISCUSSION**

Petitioner moves for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c), based on Amendment 706 to the Sentencing Guidelines, as amended by Amendment 711 (pertaining to crack cocaine offenses). Amendments 706 generally reduced by two levels the base offense level for crack cocaine offenses in § 2D1.1(c) of the Sentencing Guidelines. *See* Amendment 706, Supplement to Appendix C, Amendments to the Guidelines Manual. The Sentencing Commission has given this amendment retroactive effect and has listed it in § 1B1.10(c) of the Guidelines, a requirement for retroactive amendments. *See* U.S.S.G. § 1B1.10(c).

Due to the ethnic disparity in sentencing, Congress has created the above changes to the advisory Guidelines as it relates to cocaine base. Petitioner falls within the purview of this change. A motion for reduction of sentence under § 3582(c)(2) "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the guidelines." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (internal quotation marks omitted)). Whether to reduce a sentence under § 3582(c)(2) is a discretionary decision. *See* 18 U.S.C. § 3582(c)(2) ("[T]he court *may* reduce the term of imprisonment.") (emphasis added); *Townsend*, 98 F.3d at 512 ("[T]he decision whether to reduce a sentence under § 3582 is within the

discretion of the district court judge."); *United States v. Cueto*, 9 F.3d 1438, 1440 (9th Cir. 1993) ("Courts have discretion to reduce a previously imposed term of imprisonment when the Sentencing Commission reduces the sentencing range, and the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.' ") (quoting 18 U.S.C. § 3582(c)(2)).

In determining whether a sentence should be modified following amendment of the Guidelines, the Court should consider the term of imprisonment that it would have imposed had the amendment(s) to the Guidelines been in effect at the time the particular defendant was sentenced. U.S.S.G. § 1B1.10(b). In addition, the Court should determine whether a reduced sentence is warranted in light of the factors set forth in 18 U.S.C. § 3553(a).[1] *See United States v. Hicks*, 472 F.3d 1167, 1171 (9th Cir. 2007) ("While § 3582(c)(2) proceedings do not constitute full resentencings, their purpose is to give defendants a new sentence. This resentencing, while limited in certain respects, still results in the judge calculating a new Guideline range, considering the § 3553(a) factors, and issuing a new sentence based on the Guidelines."). *See also United States v. Bravo*, 203 F.3d 778, 780-81 (11th Cir. 2000) ("In considering a motion for such a reduction, we have held that a district court must engage in a two-part analysis. Initially, the court must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed. . . . The next step is for the court to decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence. This decision should be made in light of the factors listed in 18 U.S.C. § 3553(a).").

---

[1] Section 3553(a) directs a court to consider the following factors in determining the particular sentence to be imposed: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant;  (2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;  (B) to afford adequate deterrence to criminal conduct;  (C) to protect the public from further crimes of the defendant;  and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;  (3) the kinds of sentences available;  (4) the kinds of sentence and the sentencing range established for: (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines. . . (5) any pertinent policy statement . . .  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;  and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

The Court must consider the policy considerations of § 3553(a) in determining whether Petitioner should receive a reduction in his sentence. In making this decision, the Court limits its consideration to the facts admitted in the plea agreement, the Petitioner's Presentence Report, the Addendum to the Presentence Report, and the arguments provided by the parties in their written submissions.

**A.   The Nature and Circumstances of the Offense and History and Characteristics of the Petitioner.**

Petitioner's offense is serious by nature. *See United States v. Salerno*, 481 U.S. 739, 750 (1987) (noting that crimes singled out for a presumption of pretrial detention (like the crime charged in this case) are considered "extremely serious" because the perpetrators are considered "far more likely to be responsible for dangerous acts in the community after arrest").

Even beyond the nature of the offense, the specific circumstances of Petitioner's crimes were aggravated in several respects. Petitioner and his co-defendants were experienced drug traffickers and Petitioner was a trusted distributor of crack cocaine. Petitioner admitted in his plea agreement that he assisted one of his co-defendant's with acquiring a cocaine source of supply, that he sold powder cocaine, and that he was responsible for distributing 2 kilograms of crack cocaine. Also, as noted in the PSR, Petitioner was arrested at his girlfriend's home with young children, ages eight and five, where agents also recovered cocaine.

Additionally, Petitioner has an extensive criminal background. Petitioner is a documented West Coast Crips gang member. His criminal background reaches as far back as 1984 and includes convictions for possession of marijuana for sale, distribution of cocaine base, escape from federal custody, robbery, driving under the influence, and possession of cocaine base for sale. Even in his mid-thirties, Petitioner sold crack cocaine in West Coast Crip turf. Petitioner's history is also violent. On October 17, 2001, Petitioner and co-defendant Robert Adams ("Adams") discussed doing a "drive-by" retaliatory shooting. Based on court authorized wire interceptions, Petitioner and Adams were arrested en route to the "drive-by" shooting. Petitioner was found with a loaded .45 handgun. Petitioner had offered to do the shooting because he was "sharp." As the Court noted in response to Petitioner's departure requests, "[Petitioner] is not new to some violent-type behavior."

The Court recalled the contents of the phone calls going back and forth regarding the October 17, 2001, firearm incident: "There was no question in [the Court's] mind, in listening to that tape, that there was going to be someone shot if the police had not intercepted. It was very clear on the tape that was the intent."

**B.  The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law and Provide Just Punishment and Deterrence, to Protect the Public from Further Crimes of the Defendant and to Provide the Defendant with Education, Training, Medical Care or Other Correctional Treatment.**

Petitioner's offense in this case involves a very serious drug conspiracy. Furthermore, Petitioner was an integral part of the conspiracy. Drugs alone often involve non-violent behavior; however, in Petitioner's case, he has a violent history, as illustrated by the Court authorized wire interceptions. This is a concern to the Court and one of the reasons for the imposition of Petitioner's 235 month sentence. The sentence imposed was also meant to protect the public and to provide deterrence and appropriate punitive punishment for Petitioner's criminal conduct that was violent and appeared to be constant from the age of 19.

At sentencing, the Court considered Petitioner's diminished capacity and found that while it was accentuated by drugs, it was not caused by drugs. Therefore, the Court granted a one level departure for diminished capacity. The Court noted that if Petitioner was in the right environment, his diminished capacity may not be as detrimental to him.

The Court notes that since his incarceration, Petitioner has commendable in-custody activity, including the completion of several educational courses and drug counseling. Petitioner also married Myesha Tamara Maxwell, the mother of his 8 year old son, Steven Hicks, Jr. These activities may be critical to any success he may achieve on release. However, based on all the factors taken into consideration, the Court believes Petitioner must accept responsibility for actions made in his adult life, which included participating in the drug conspiracy for which he was convicted. While the Court has the option to reduce Petitioner's sentence by two points under the retroactive amendments, the Court exercises its discretion not to do so.

/ / /

/ / /

## CONCLUSION

The Court has considered all of the applicable § 3553(a) factors and declines to depart two levels based on the retroactive amendments to the advisory Guidelines. Based on all of the above considerations, Petitioner's sentence was proper at the time of sentencing and continues to remain appropriate. In this case, Petitioner's 235 month sentence falls within the new guideline range of 210-262 months; a further reduction is not warranted. Therefore, the Court considers the originally imposed sentence of 235 months as the minimum necessary to address Petitioner's conduct, and thereby declines to reduce his sentence for the reasons thus stated. The Court further denies Petitioner's Motion for Appointment of Counsel as **MOOT**.

**IT IS SO ORDERED.**

DATED: June 4, 2009

M. James Lorenz
United States District Court Judge

COPIES TO:

PETITIONER
U.S. ATTORNEY'S OFFICE