UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 02-CR-0625-(3) L |
|---|---|
| Petitioner, | **ORDER DENYING MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(C)(2)** |
| v. | |
| STEVEN TROY HICKS, | |
| Respondent. | |

Petitioner Steven Troy Hicks ("Petitioner"), proceeding *pro se*, filed a motion for relief of sentence pursuant to 18 U.S.C. § 3582(c)(2). Petitioner's motion is based upon retroactive Amendment 782 of the United States Sentencing Guidelines that pertain to drug trafficking offenses which became effective November 1, 2014.

Petitioner pled guilty to one count of Conspiracy to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On September 4, 2003, the Court conducted a sentencing hearing during which it determined that Petitioner's base offense level was 38, based on 50 grams of cocaine base. A 3 point reduction was applied for acceptance of responsibility, along with a 1 point reduction for group disposition, and 1 level for diminished capacity, resulting in an adjusted base offense level of 33. The parties agreed that Petitioner was a career offender, making his criminal history category a VI under

1

U.S.S.G. § 4B1.1.[1]  In light of Petitioner's adjusted base offense level and criminal history category, the sentencing range was 235 to 293 months.  This Court sentenced Petitioner to 235 months.

## DISCUSSION

Petitioner now moves for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines.  Amendment 782 generally reduces the base offense level for drug trafficking offenses in § 2D1.1(c) of the Sentencing Guidelines by two levels.  *See* Amendment 782, Supplement to Appendix C, Amendments to the Guidelines Manual.

A motion for reduction of sentence under § 3582(c)(2) "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the guidelines."  *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (internal quotation marks omitted)).  Whether to reduce a sentence under § 3582(c)(2) is a discretionary decision.  *See* 18 U.S.C. § 3582(c)(2) ("[T]he court *may* reduce the term of imprisonment.") (emphasis added); *Townsend*, 98 F.3d at 512 ("[T]he decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge."); *United States v. Cueto*, 9 F.3d 1438, 1440 (9th Cir. 1993) ("Courts have discretion to reduce a previously imposed term of imprisonment when the Sentencing Commission reduces the sentencing range, and the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.' ") (quoting 18 U.S.C. § 3582(c)(2)).

In determining whether a sentence should be modified following amendment of the Guidelines, the Court should consider the term of imprisonment that it would have imposed had the amendment to the Guidelines been in effect at the time the particular

---

[1] Under Section 4B1.1, career offenders such as Petitioner are designated as criminal history VI. *See* U.S.S.G. §4B1.1(b).

defendant was sentenced. U.S.S.G. § 1B1.10(b). In addition, the Court must consider the 18 U.S.C. § 3553(a) factors[2] and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n. 1(B). The Court may also consider the defendant's post-sentencing conduct. *Id.* Career offenders may qualify for a sentence reduction under section 3582, but only if the amendment has the effect of lowering the applicable guideline range. *See generally United States v. Waters*, 648 F.3d 1114 (9th Cir. 2011).

The base offense level for 20 kilograms of cocaine base is now 36 under § 2D1.1(c). However, because Petitioner was designated as a career criminal, his base offense level is 37 under the Guidelines. U.S.S.G § 4B1.1(b)(1). With a 3 point reduction for acceptance of responsibility, Petitioner's adjusted offense level is a 34.

Petitioner argues that that the Court should include his one level reduction for diminished capacity in the new calculation, contending that he continues to suffer from a mental disorder that makes him easily influenced by others and that section 1B1.10(b)(1) requires that the original findings of the Court be kept the same. (Mot. 4). However, Petitioner is not entitled to the one point reduction in his sentence, or the Fast Track departure in the amended guidelines. *United States v. Aragon-Rodriguez,* 624 Fed. Appx. 542, 543 (9th Cir. 2015)("The text, structure, and commentary of the Guidelines as well as supporting case law support the conclusion that the 'amended guideline range' does not include departures from the sentencing guidelines, except a departure for substantial

---

[2] Section 3553(a) directs a court to consider the following factors in determining the particular sentence to be imposed: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for: (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines… (5) any pertinent policy statement… (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

3

02-CR-0625-(3) L

assistance to government authorities.")  Therefore, the resulting applicable guideline range is 262 to 327 months. In light of the fact that Petitioner's original sentence of 235 months is below the low-end of the amended guidelines calculation, he is not entitled to any further reduction in his sentence under section 3582.

## CONCLUSION

Based on all of the above considerations, Petitioner's motion for a reduction in his sentence is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 21, 2018

Hon. M. James Lorenz
United States District Judge

COPIES TO:
PETITIONER
U.S. ATTORNEY'S OFFICE